**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

E.S.,

Plaintiff,

v.

Commissioner of Social Security,

Defendant.

Case No. 1:25-cv-70-ALS

**ORDER**

Plaintiff filed this Social Security appeal on April 29, 2025, challenging the Commissioner's final decision denying her disability applications, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. §§ 405(g) and 1383(c). Both parties consented for all proceedings to be conducted by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(3). All administrative remedies have been exhausted.

***Legal Standard***

In reviewing the final decision of the Commissioner, the Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, which is defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Brito v. Comm'r, Soc. Sec. Admin.*, 687 F. App'x 801, 803 (11th Cir. 2017) (first citing *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002); and then

quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991) (citations omitted).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). "In contrast, the [Commissioner's] conclusions of law are not presumed valid. The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46 (citations omitted).

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1320 n.2 (11th Cir. 2020); 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1). First, the Commissioner determines whether the claimant is working. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled. *Id.* §§ 404.1520(b), 416.920(b). Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). To be considered disabled, a claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities[.]" *Id.* §§ 404.1520(c), 416.920(c). Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work. *Id.*

§§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth and finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In arriving at a decision, the Commissioner must consider the combined effects of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* §§ 404.1523(c), 416.923(c).

The claimant "bears the burden at the first four steps," but there is a limited burden shifting at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020). At step five, the burden shifts to the Commissioner to "show 'the existence of . . . jobs in the national economy which, given the claimant's impairments, the claimant can perform.'" *Id.* at 1279 (alteration in original) (citation omitted). "If the Commissioner makes this showing, 'the burden shifts back to the claimant to prove'" they cannot perform the suggested jobs. *Id.*

### ***Administrative Proceedings***

On August 14, 2020, Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging an initial onset date of August 4, 2020. (Tr. 10, 55, 74). The Social Security Administration denied both claims initially and upon reconsideration. (Tr. 10, 71, 90, 101, 108). Plaintiff requested a hearing (Tr. 137) and appeared before an Administrative Law Judge ("ALJ") on March 27, 2024. (Tr. 10, 30). In a hearing decision dated April 30, 2024, the ALJ determined Plaintiff was not disabled. (Tr. 10-22). The ALJ's decision became the final decision of the Commissioner upon the Appeals Council's denial of review. (Tr. 1-3). This matter is ripe for consideration.

***Statement of Facts and Evidence***

The Court briefly summarizes the relevant facts and evidence from the administrative record below. Plaintiff was born on May 31, 1969, and was fifty-one (51) years old as of the initial onset date. (Tr. 21, 205, 212). The ALJ found that Plaintiff had past relevant work experience as a medical technician. (Tr. 20). The ALJ also found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 12). The ALJ determined that Plaintiff suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine, osteoarthritis/degenerative joint disease, rheumatoid arthritis, diabetes mellitus, and obesity. (Tr. 13). The ALJ noted that Plaintiff also suffered from non-severe impairments not relevant to the Court's recommendation. *Id.* The ALJ found reasoned Plaintiff did not have an impairment or combination of impairments that reached the level of severity contemplated in the Listings. (Tr. 13-15).

Considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work, except that she could occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, and crouch; could never crawl; and could have occasional exposure to unprotected heights, moving mechanical parts, extreme cold, extreme heat, and vibration. (Tr. 15-20). The ALJ determined that Plaintiff was able to perform her past relevant work.[1] (Tr. 20).

Ultimately, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from August 4, 2020, through April 30, 2024, the date of the ALJ's decision. (Tr. 22).

---

[1] The ALJ also made an alternative finding that there were jobs existing in significant numbers in the national economy that Plaintiff could perform, but that alternative finding is not relevant to the Court's consideration of the case. (Tr. 20-22).

## DISCUSSION

Plaintiff asserts error at the administrative level by making two (2) challenges to the RFC the ALJ assessed. First, Plaintiff argues that the ALJ failed to properly apply the "pain standard" developed by the United States Court of Appeals for the Eleventh Circuit for consideration of complaints of pain. (Doc. 12, at 7-13). Second, Plaintiff contends that the RFC is not supported by substantial evidence because the ALJ failed to include limitations as to Plaintiff's handling and fingering. *Id.* at 13-16. As discussed below, the Court finds that neither contention has merit because the ALJ properly applied the pain standard and the RFC is supported by substantial evidence.

### I. The Pain Standard

Plaintiff argues broadly that the ALJ failed to properly apply the Eleventh Circuit's pain standard. (Doc. 12, at 7-13).

In the Eleventh Circuit,

> [i]n order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). If a claimant testifies about her subjective complaints of disabling pain and other symptoms, and the ALJ chooses to discredit the claimant's complaints of pain, the ALJ "must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (first citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); and then citing *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986)). The question before

the Court is "whether the ALJ was clearly wrong to discredit" Plaintiff's subjective statements. *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 16). In making this finding, the ALJ limited Plaintiff to light work with additional exertional and postural limitations. (Tr. 15-20).

The Court finds the ALJ properly applied the pain standard for several reasons. Most fundamentally, the ALJ did not find that Plaintiff was in no pain. Rather, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. The ALJ also did not completely reject Plaintiff's claims of pain related to her medically determinable impairments. Rather, the ALJ found that Plaintiff's claims related to her medically determinable impairments warranted limitations to her RFC. "Put differently, [the ALJ] discounted [Plaintiff's] subjective testimony regarding the extent of her symptoms" and their effect on her RFC, but the ALJ "did not find that [Plaintiff] was not in any pain" or have no symptoms at all. *Henderson v. Berryhill*, CV417-225, 2019 WL 1179426, at *4 (S.D. Ga. Jan. 22, 2019), *recommendation adopted by* 2019 WL 1186854 (S.D. Ga. Mar. 12, 2019). Indeed, the ALJ found that the state agency medical consultants' opinions at the reconsideration level – which found Plaintiff was more limited than the opinions issued at the initial review level – were more persuasive precisely because the increased limitations were more consistent with the evidence available to the ALJ. (Tr. 19). In doing so, the ALJ cited

Plaintiff's hearing testimony regarding her pain, and found that Plaintiff's testimony warranted additional restrictions to the assessed RFC. *Id.*

Further, the ALJ articulated explicit and adequate reasons for discounting Plaintiff's subjective complaints of her allegedly disabling pain. *Hale*, 831 F.2d at 1011. Finally, the ALJ's credibility determination was sufficient for the Court to conclude that the ALJ considered Plaintiff's condition as a whole. *Newberry v. Comm'r, Soc. Sec. Admin.*, 572 F. App'x 671, 672 (11th Cir. 2014) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)).

The ALJ's decision to discount Plaintiff's subjective testimony regarding the extent of her symptoms and their effect on her RFC is also supported by substantial evidence. On July 23, 2020, several days before the alleged onset date, Plaintiff sought treatment for right foot pain. (Tr. 397). On exam, she had full range of motion in her left ankle, no pain on palpation and no instability in her right ankle, and an x-ray demonstrated that Plaintiff had a left foot spur, but that the examined bones were otherwise age appropriate. (Tr. 397-98). On July 27, 2020, Plaintiff sought treatment for multiple joint pains. (Tr. 419). An exam found she was tender to palpation at most joints, osteoarthritis or an autoimmune issue was suspected, and she was instructed to use Tylenol as needed for pain. (Tr. 420). Shortly after, on August 10, 2020, Plaintiff was referred to rheumatology. (Tr. 425).

On November 18, 2020, she presented to the rheumatology clinic. (Tr. 562). On exam, Plaintiff had normal strength, with generalized tenderness to palpation. (Tr. 566). Spine imaging showed degenerative disease in Plaintiff's lumbar and cervical spine. (Tr. 435). On November 23, 2020, her exam demonstrated benign results. (Tr. 436). On December 16, 2020, the rheumatology clinic performed an exam which

returned benign results except for a mild empty can test. (Tr. 571). There was evidence of degenerative arthritis in Plaintiff's cervical and lumbar spine, as well as her peripheral joints. (Tr. 572). Plaintiff was instructed to continue her care with her primary care physician. *Id.* On February 16, 2021, Plaintiff reported that she felt well and stated that she does have joint pains. (Tr. 460). On April 7, 2022, Plaintiff noted that she had had joint pain for years, but that it was not getting worse. (Tr. 476). Plaintiff's musculoskeletal exam showed normal results and she had normal gait. (Tr. 477).

On August 31, 2022, Plaintiff had a consultative physical exam with Dr. Williamson. (Tr. 480). That exam showed that Plaintiff ambulated without an assistive device, that there were positive range of motion deficits at Plaintiff's cervical spine, but no range of motion deficits at her lumbar spine, and no range of motion deficits in Plaintiff's upper and lower extremities. (Tr. 480-82). While Dr. Williamson opined that Plaintiff would have limitations, he did not state with any specificity what those limitations would be. (Tr. 482).

On February 2, 2023, Plaintiff was ambulating normally. (Tr. 499). On August 2, 2023, Plaintiff sought treatment for foot pain and left heel pain. (Tr. 518). On exam, she had mild pain to palpation, with full range of motion at her ankle. *Id.* At her diabetes checkup, on March 6, 2024, Plaintiff was ambulating normally. (Tr. 647). Finally, on March 12, 2024, Plaintiff sought treatment at a podiatrist clinic for left foot and heel pain. (Tr. 654). She had pain to palpation at her plantar. (Tr. 655). It was recommended that she stretch, use ice, decrease her activity, and use good shoes. *Id.* Plaintiff received an injection at the podiatrist clinic. (Tr. 655-56).

While there is some evidence in the record to support Plaintiff's allegations, the "issue before [the Court] is whether there was substantial evidence to support the [ALJ's] decision, not whether there could be substantial evidence in the record to support a different decision." *Rodriguez ex rel. R.C. v. Berryhill*, No. 20-14458, 2021 WL 5023951, at *7 (11th Cir. Oct. 29, 2021) (citing *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004)). "Under a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)). Accordingly, the Court finds that the ALJ's decision to discount Plaintiff's subjective allegations is supported by substantial evidence.

**II. The RFC and Failure to Include Alleged Limitations**

Plaintiff contends that the RFC is not supported by substantial evidence because the ALJ failed to include limitations as to Plaintiff's handling and fingering. (Doc. 12, at 13-16). In particular, Plaintiff asserts that the ALJ erred by finding that she could perform her past relevant work as a medical technician because the ALJ failed to include any limitations for handling, fingering, and reaching when he assessed Plaintiff's RFC. *Id.* at 14. However, as follows, the Court disagrees.

Plaintiff argues that the ALJ should have found Plaintiff had an RFC for sedentary work, rather than the RFC the ALJ actually assessed for light work. *Id.* In doing so, Plaintiff cites her testimony and evidence in the medical record which Plaintiff alleges shows that she can only perform a sedentary level of work. *Id.* However, as discussed above, the issue the Court must decide is whether there is substantial evidence to support

the decision made by the ALJ, not to decide whether there is substantial evidence to support an alternate decision. *Rodriguez ex rel. R.C.*, 2021 WL 5023951, at *7.

Further, to the extent Plaintiff cites to evidence in the medical record to support her allegations, the evidence she cites does not show that the ALJ erred. Plaintiff's citations to the record show that she was: (1) tender to palpation (Tr. 420, 424-25, 577, 597, 606); (2) that she complained of arthralgias (Tr. 565-66, 615); and (3) testified to having arthralgias (Tr. 39, 41-42, 45-47). (Doc. 12, at 14) (citing the evidentiary record). She also points to the consultative examination findings to support her claims. *Id.* (citing Tr. 482). However, as discussed above, while Dr. Williamson opined that there would be limitations including reaching and handling, he did not indicate what those limitations were. (Tr. 482). Further, Dr. Williamson found that Plaintiff had normal grip and pinch, that she had no range of motion deficits in her upper extremities, and he stated that Plaintiff had "[n]o apparent upper extremity deficits adversely affecting [her] ability to perform activities involving reaching, pushing, pulling, grasping or fingering." (Tr. 482, 485).

Again, while there may be some evidence in the record to support Plaintiff's claims, under the substantial evidence standard of review that applies to Plaintiff's claims, Plaintiff has to do more than point to other evidence in the record that supports her position; she must demonstrate the *absence* of substantial evidence that supports the ALJ's decision. *Sims*, 706 F. App'x at 604. Consequently, the Court finds that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

For the foregoing reasons, the determination of the Social Security Commissioner is affirmed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**, this 31st day of July, 2026.

s/ ALFREDA L. SHEPPARD
UNITED STATES MAGISTRATE JUDGE